UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00077-RJC-DCK

| | | |
|---|---|---|
| WB MUSIC CORP., HEAVY MELON MUSIC, UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., REALSONGS, PURPLE RABBIT MUSIC, and M.L.E. MUSIC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CEDAR ST INVESTMENTS LLC and JASON ASTEPHEN, | ) ) ) | ORDER |
| Defendants, | ) ) | |
| CEDAR ST INVESTMENTS LLC, | ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| JASON ASTEPHEN, | ) ) | |
| Cross-Claimant-Defendant. | ) | |

**THIS MATTER** comes before the Court on Cross-Claimant Cedar St Investments LLC's motion for default judgment. (Doc. No. 19.)

I.    BACKGROUND

On February 13, 2018, Plaintiffs WB Music Corp., Heavy Melon Music, Universal Polygram International Publishing, Inc., Realsongs, Purple Rabbit Music, and M.L.E. Music (collectively, the "Plaintiffs") filed their complaint against Defendants Cedar St Investments LLC ("Cedar Street") and Jason Astephen

asserting five claims for copyright infringement based on Cedar Street's and Astephen's public performance of Plaintiffs' copyrighted musical compositions. (Doc. No. 1.)

On May 2, 2018, Cedar Street filed its answer to Plaintiffs' complaint and asserted crossclaims against Astephen. (Doc. No. 11.) In its crossclaims, Cedar Street alleges that it owns the sports bar Draught—the place at which the alleged copyright infringement occurred. (Doc. No. 11, ¶ 33.) Astephen was a member of Cedar Street and the general manager of Draught. (Doc. No. 11, ¶ 35.) In the fall of 2017, the other members of Cedar Street became aware that Astephen was not accurately reporting to Cedar Street all of the funds received by Draught. (Doc. No. 11, ¶ 37.) Following an internal investigation, the other members of Cedar Street discovered that approximately $50,000 in Cedar Street funds had been misdirected for Astephen's personal gain. (Doc. No. 11, ¶ 38.) Based on those allegations, Cedar Street brings crossclaims against Astephen for fraud, constructive fraud, breach of fiduciary duty, conversion, unfair competition, and unfair or deceptive acts or practices. (Doc. No. 11, at 12–15.) In addition, Cedar Street asserts crossclaims for contribution and indemnity implied in law in the event Plaintiffs prevail on their copyright infringement claims. (Doc. No. 11, at 10–11.)

Plaintiffs moved for entry of default against Astephen based on his failure to plead or otherwise defend against Plaintiffs' complaint, and the Clerk of Court entered default against Astephen on June 12, 2018. (Doc. No. 14.) Cedar Street also moved for entry of default against Astephen based on his failure to plead or otherwise

defend against Cedar Street's crossclaims, and the Clerk of Court entered default against Astephen on November 7, 2018. (Doc. No. 17.)

On January 24, 2019, Plaintiffs filed a stipulation dismissing all their claims with prejudice. (Doc. No. 18.)

Before the Court is Cedar Street's motion seeking a default judgment against Astephen on its crossclaims.

## II. DISCUSSION

The jurisdictional basis for Plaintiffs' complaint, which asserted five claims for copyright infringement, was federal question jurisdiction pursuant to 28 U.S.C. § 1331. The only jurisdictional basis for Cedar Street's crossclaims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). (Doc. No. 11, ¶ 28.)

Section 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see also Jones v. Tyson Foods, Inc., 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) ("It has been well established that the

decision to exercise supplemental jurisdiction after a federal claim has been dismissed, rests within the sole discretion of the Court."). In so deciding, district courts should consider the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Indeed, numerous courts have recognized that when the federal claims are dismissed at an early stage of the litigation, district courts should generally decline to exercise supplemental jurisdiction over the remaining state law claims. E.g., Enochs v. Lampasas County, 641 F.3d 155, 161 (5th Cir. 2011); Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010); Brzak v. United Nations, 597 F.3d 107, 113–14 (2d Cir. 2010).

Here, Plaintiffs' copyright claims that provided the basis for original jurisdiction have been dismissed, leaving only Cedar Street's state law crossclaims against Astephen. Plaintiffs' copyright claims were dismissed less than a year after the case was filed and before the parties filed any substantive motions. The sole jurisdictional basis for Cedar Street's crossclaims is supplemental jurisdiction. The crossclaims present no underlying issues of federal policy, and as the case is at the default judgment stage, the Court finds no overriding interest in judicial economy or inconvenience to the parties to justify the exercise of supplemental jurisdiction.

Therefore, the Court declines to exercise supplemental jurisdiction over Cedar Street's state law crossclaims.  See United States v. Godley, 136 F. Supp. 3d 724, 739 (W.D.N.C. 2015) (declining to exercise supplemental jurisdiction over defendants' state law crossclaims where the court dismissed the federal claims at summary judgment); Golian v. N.Y. City Admin. for Children Servs., 282 F. Supp. 3d 718, 733 (S.D.N.Y. 2017) (declining to exercise supplemental jurisdiction over plaintiff's state law claims to enter a default judgment where the court dismissed plaintiff's federal claims pursuant to Rule 12(b)(6)).  Therefore, the Court denies Cedar Street's motion for default judgment and dismisses its crossclaims without prejudice.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that:

1.  Cedar Street's motion for default judgment, (Doc. No. 19), is **DENIED**;

2.  Cedar Street's crossclaims are **DISMISSED without prejudice**; and

3.  The Clerk of Court is directed to close this case.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge

5